**PORTER, Price Administrator, v. LEWIS-TOWN TRANSP. CO.**

Civil Action No. 2691.

District Court, M. D. Pennsylvania.

Aug. 6, 1946.

Paul E. Pendel, of Scranton, Pa., David London, Samuel L. Cohen and Harold Craske, all of Washington, D. C., for plaintiff.

Harry H. Frank, of McNees, Wallace & Nurick, all of Harrisburg, Pa., for defendant.

WATSON, District Judge.

This action is before the Court upon a motion for a temporary restraining order until hearing can be held restraining the defendant from charging or collecting any fare in excess of seven cents cash and four tokens for twenty-five cents for passenger bus service.

A hearing was held on the motion for a temporary restraining order August 1, 1946, at which counsel for the plaintiff and coun-

sel for the defendant were present. From the record and exhibits submitted by the defendant which were not objected to, it appears that: On July 1, 1946, the defendant Lewistown Transportation Company filed with the Pennsylvania Public Utility Commission Tariff Bus Pa. P.U.C. No. 23 to supersede Tariff Bus Pa. P.U.C. 22; on July 22, 1946, the Commission took action permitting the schedule of increased rates to become effective August 1, 1946; at no time were copies of notice of the proposed increased rates or charges filed with the Transportation and Public Utilities Division of the Office of Price Administration, Washington, D. C.

The Stabilization Act of 1942, 50 U.S.C. Appendix, § 961 et seq., provides, inter alia: "* * * Provided, That no common carrier or other public utility shall make any general increase in its rates or charges which were in effect on September 15, 1942, unless it first gives thirty days notice to the President, or such agency as he may designate, and consents to the timely intervention by such agency before the Federal, State, or Municipal authority having jurisdiction to consider such increase."

The President, by Executive Order No. 9250, dated October 3, 1942, 50 U.S.C.A. Appendix, § 901 note, pursuant to authority of the above mentioned Act delegated his authority under the Act to the Director of Economic Stabilization, and the latter by Directive No. 1, dated October 14, 1942, delegated his authority to the Price Administrator of the Office of Price Administration, whereby the Price Administrator was fully authorized to pursue the course followed here.

Procedural Regulation No. 11, 7 F.R. 9390, provides:

"Thirty (30) days before the effective date of a general increase in the rates or charges of any common carrier or other public utility, there shall be filed with the Transportation and Public Utilities Division of the Office of Price Administration, Washington, D. C., two copies of notice of such proposed increase, except as otherwise provided in paragraphs (d) and (e) of Sec. 1300.904. Such notices shall be deemed to have been filed when received in the Office of such Division. If authority for the establishment of any such increase is required by any regulatory agency, notice shall be given on or before the time such authority is sought in order that the Price Administrator may have timely opportunity to intervene, but in no event shall such notice be given less than 30 days before such proposed increased rates or charges are to become effective. All notices shall state the name and address of the Federal, State, or municipal authority having jurisdiction over the rates or charges in question.

"Each such notice shall contain a statement that the common carrier or other public utility consents to the timely intervention by the Price Administrator, on behalf of the Director of Economic Stabilization, before the Federal, State or municipal authority having jurisdiction to consider such increase."

Congress provided, in an amendment to the Act, supra, that "The provisions of this Act (with exceptions not relevant here) and all regulations thereunder, shall terminate on June 30, 1946, or on such earlier date as the Congress * * *, or the President * * * may prescribe." 50 U.S.C.A.Appendix, § 966. On June 30, 1946, the Act and all the rules, regulations, orders, directives, and memoranda expired, thereby eliminating the body to which obedience was owed in this case.

On July 1, 1946, when the defendant, Lewistown Transportation Company, filed with the Pennsylvania Public Utility Commission, hereafter referred to as the "Commission," its schedule of increased rates, it was impossible for the Commission to require service of notice on the Office of Price Administration thirty days in advance of the effective date of the proposed increases, as has been its practice, for the reason that the Office of Price Administration did not legally exist. There was definitely no violation at that time.

When on July 22, 1946, the Commission took action permitting the schedule of increased rates to become effective August 1, 1946, there was likewise no violation because there was no Office of Price Admin-

istration and no accompanying directives and regulations. The increase seems to have been duly completed at that time.

On the first day of August, however, the Office of Price Administration appeared in this Court, having been revived by the Price Control Extension Act of 1946, Public Law 548, 79th Congress, on July 25, 1946, 50 U.S.C.A.Appendix, § 901 et seq., and presented a complaint requesting the temporary restraining order above referred to.

■ Plaintiff's contention is that, since the Office of Price Administration was revitalized on the 25th of July, and defendant's rates did not become effective till August 1, 1946, plaintiff was entitled to thirty days notice before the new rates could become effective regardless of the fact that it was impossible for the defendant to notify him at the time of the application for the rate increase, and that the increase had already been authorized by the Pennsylvania Public Utility Commission.

Plaintiff cites as controlling the case of Henderson v. Washington, Marlboro & Annapolis Motor Lines, 77 U.S.App.D.C. 26, 132 F.2d 729, certiorari denied, 318 U.S. 779, 63 S.Ct. 854, 87 L.Ed. 1147. In that case, the carrier filed a schedule of tariffs with the Interstate Commerce Commission nine days prior to approval of the Act (October 2, 1942), but which rates had not been put into operation because the thirty day waiting period, prescribed by the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., had not elapsed. The Court held that the increases effected thereby were not "made" until the passage of the thirty day period and, therefore, the carrier came within the terms of the Act which reads: " * * * No common carrier * * * shall make any general increase in its rates or charges which were in effect on September 15, 1942, * * * ". It was further held that the defendant failed to comply with the Act and that the increase was unlawful because the Office of Price Administration had not received the requisite thirty days notice.

■ This Court does not determine whether the increase in this case was "made" at the time the Pennsylvania Public Utility Commission permitted the increase which was prior to the resumption of the Office of Price Administration, or at the time the increase was to take effect, which was subsequent to the passage of the Price Control Extension Act. Section 18 of the Price Control Extension Act of 1946, supra, provides, inter alia, as follows: " * * * Provided further, that no act or transaction, or omission or failure to act, occurring subsequent to June 30, 1946, and prior to the date of enactment of this Act, shall be deemed to be a violation of the Emergency Price Control Act of 1942, as amended, or the Stabilization Act of 1942, as amended, or of any regulation, order, price schedule, or requirement under either of such Acts: * * * *." It is the opinion of this Court that this provision was intended to apply to situations such as this. The original act under which the Henderson case, supra, was decided contained no similar provision. If the plaintiff were to succeed in his contentions, it would have the effect of positively banning any rate increase for any utility through the months of July and August, 1946, regardless of the justification therefor. The purpose of the Act was not to establish the Office of Price Administration as a rate fixing agency for public utilities, and if the Court were to grant the requested restraining order, it would have the effect of fixing all rates for public utilities in Pennsylvania for a short period of time, because of that Office's ability to prevent a change, though one had already been granted by the Pennsylvania Public Utility Commission.

The Court does not feel that there is any necessity in this case for the granting of a temporary restraining order, and it does feel that the granting of such an order might result in great injustice.

The plaintiff's motion for a temporary restraining order is denied.